Thomas MARMOLEJOS, Appellant

v.

Eric H. HOLDER; Warden
Ronnie Holt.

No. 09–3315.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action

Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 Dec. 17, 2009.

Opinion filed: Dec. 23, 2009.

Thomas Marmolejos, Waymart, PA, pro se.

Kate L. Mershimer, Esq., Office of United States Attorney, Harrisburg, PA, U.S. Atty Scranton, Office of United States Attorney, Scranton, PA, for Eric H. Holder and Warden Ronnie Holt.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Thomas Marmolejos, a federal prisoner proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Because his appeal presents no substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

In February 2002, a jury sitting in the United States District Court for the Southern District of New York found Marmolejos guilty of several crimes, including conspiracy to commit robbery and extortion, conspiracy to commit murder-for-hire, and substantive murder-for-hire. The District Judge sentenced him to life imprisonment to be followed by a consecutive ten-year term and three years' supervised release. Upon review, the United States Court of Appeals for the Second Circuit affirmed the conviction and sentence, and the United States Supreme Court denied Marmolejos's petition for a writ of certiorari.

In December 2005, Marmolejos sought collateral relief by filing a 28 U.S.C. § 2255 motion, claiming three grounds of ineffective assistance of counsel. As is relevant here, he asserted that his attorney was ineffective for not challenging the sufficiency of the evidence on the murder-for-hire charge. The District Court found the claims to be meritless and denied the motion. The Court of Appeals denied Marmolejos's request for a certificate of

appealability, and the Supreme Court denied his petition for a writ of certiorari.

Marmolejos next attempted to obtain relief via a Federal Rule of Civil Procedure 60(b) motion filed with the District Court and a petition for a writ of habeas corpus filed with the United States Supreme Court. Both the motion and the petition were unsuccessful, as was the 28 U.S.C. § 2241 petition that he filed in the United States District Court for the Eastern District of Kentucky.

After Marmolejos was moved to the United States Penitentiary in Canaan, Pennsylvania, he filed a 28 U.S.C. § 2241 petition in the United States District Court for the Middle District of Pennsylvania. Marmolejos asserted that because the government failed to prove the elements of the murder-for-hire charge, he is actually innocent of that charge and of conspiracy to commit murder-for-hire. He also claimed that his due process rights were violated because there was insufficient evidence to convict him of murder-for-hire. The District Court determined that because Marmolejos could have raised the claims in his § 2255 motion, relief under § 2241 was unwarranted. The District Court dismissed the petition for lack of subject matter jurisdiction and this appeal followed.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. *Okereke v. United States*, 307 F.3d 117, 119 (3d Cir.2002).

The District Court did not err in dismissing Marmolejos's petition. A federal prisoner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir.2002); *Okereke*, 307 F.3d at 120. A § 2255 motion is

"inadequate or ineffective" only when some limitation of scope or procedure would prevent the prisoner from receiving adequate adjudication of his claims. *Cradle*, 290 F.3d at 538. This exception is extremely narrow and has been held to apply only in rare circumstances. *See, e.g., In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir.1997) (applying exception where an intervening change in the law decriminalized the conduct underlying the petitioner's conviction).

Marmolejos argues that § 2255 is inadequate because, except in certain circumstance, it bars the filing of multiple motions. *See* 28 U.S.C. § 2255. Although it is likely that Marmolejos would encounter substantive and procedural hurdles in filing a second § 2255 motion, we have repeatedly held that a prisoner's inability to meet § 2255's stringent gatekeeping requirements does not render it inadequate or ineffective. *Cradle*, 290 F.3d at 538–39 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative.").

Marmolejos also appears to claim that § 2241 provides the only means by which to advance his actual innocence claim. This argument is unavailing. Marmolejos's claim falls within the purview of § 2255, and he identifies neither an intervening change in the law nor any extraordinary circumstances to establish that he could not have presented it in his first § 2255 motion. In fact, citing the same evidence that he cites now, Marmolejos raised the same sufficiency of the evidence issue that underlies his innocence claim (albeit as an ineffective assistance of counsel claim) in his previous § 2255 motion. The District Court thus properly determined that Marmolejos could not advance his claims in a § 2241 petition.

Further, to the extent that the petition could be viewed as a request to file a

second or successive § 2255 motion, the District Court correctly stated that Marmolejos may only file such an application in the United States Court of Appeals for the Second Circuit. *See In re Dorsainvil,* 119 F.3d at 249.

For the foregoing reasons, we summarily affirm the District Court's July 29, 2009 order.